The document below is hereby signed.

Signed: January 05, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| WILLIAM CHRISTIAN ADAMSON, | ) | Case No. 09-00623 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| BRIAN T. HECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 09-10042 |
| WILLIAM CHRISTIAN ADAMSON, | ) | |
| | ) | Not for Publication in |
| Defendant. | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING
THE DEFENDANT'S MOTION FOR SECURITY FOR COSTS

This is an adversary proceeding to determine whether the defendant Adamson's judgment debt to the plaintiff Heck is nondischargeable under § 523(a) of the Bankruptcy Code (11 U.S.C.). Adamson has filed a Motion for Security for Costs under D.C. Code § 15-703(a) (2001) (authorizing a defendant to obtain security for costs if the plaintiff is a nonresident), and requests that the security for costs include security for attorney's fees that may be recoverable under 11 U.S.C. § 523(d)

if Adamson prevails in the adversary proceeding.  Because I reject the motion's premise that application of § 15-703(a) to this proceeding is mandatory, the motion will be denied.

I

Section 15-703(a) is a statute local in nature.  *Cf. Decatur Liquors, Inc. v. District of Columbia*, 478 F.3d 360, 362-63 (D.C. Cir. 2007) ("Laws passed by Congress that are applicable exclusively to the District of Columbia are not federal law for jurisdictional purposes, *see* 28 U.S.C. §§ 1331, 1366, so any claims based on such laws are necessarily local.").  The United States District Court at one time exercised local jurisdiction, and applied what is now § 15-703(a) in civil actions in which its jurisdiction was based on local jurisdiction, but that is no longer the case.  As explained in *Jenkins v. Wash. Convention Ctr.*, 236 F.3d 6, 11 (D.C. Cir. 2001):

> For many years the courts of the District of Columbia were courts of limited jurisdiction and a variety of matters arising under District of Columbia law were litigated in the federal courts of the District of Columbia.  Congress changed that in the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. 91-358, 84 Stat. 473, (July 29, 1970) (codified at D.C. Code § 11-101 *et seq.* (1981)) ("Court Reform Act").  Acting pursuant to Article I, Section 8, Clause 17 of the United States Constitution, Congress established a state-type court system for the District of Columbia and transferred jurisdiction over matters arising under District of Columbia law from the federal courts to the new District of Columbia courts. As a result, the District of Columbia courts ceased to be courts of limited jurisdiction, and the federal courts in the District of Columbia assumed the traditional role of the federal courts in our judicial system.

[Citations omitted.]

Prior to the Court Reform Act, the United States District Court for the District of Columbia on occasion acted in a civil action pursuant to local jurisdiction as though it were a state court. *See Western Urn Mfg. Co. v. Am. Pipe & Steel Corp.*, 284 F.2d 279, 281 (D.C. Cir. 1960) ("This suit was not brought as a federal action, nor was jurisdiction asserted on diversity grounds. Quite the contrary, the local jurisdiction of the District Court was invoked."). In such a civil action premised on local jurisdiction, the District Court acted as the "local trial court of general jurisdiction," and "it [was] governed by local legislation, embodied in the District of Columbia Code." *Fehlhaber Pile Co. v. Tenn. Valley Auth.*, 155 F.2d 864, 865 (D.C. Cir. 1946). When acting pursuant to such local jurisdiction, the District Court was obligated to require security for costs pursuant to what is now D.C. Code § 15-703(a) (2001). *See Western Urn Mfg.*, 284 F.2d at 282 n.3, citing *Moyers v. Leoffler*, 80 F. Supp. 221 (D.D.C. 1941), as an example of the District Court's requiring a nonresident to post security for costs. Even when not acting pursuant to such local jurisdiction, there was a span of more than six decades when following the local security for costs procedures would have been mandatory:

> Prior to enactment of the Federal Rules of Civil Procedure in 1938, the Conformity Act of 1872 required federal district courts to apply state law in various procedural matters. Thus, the Act obligated courts to

> apply state law in determining whether to require security for costs.  With the enactment of the Federal Rules of Civil Procedure, however, district courts were permitted to adopt their own local rules of practice in the absence of an applicable conflicting Federal Rule.

John A. Gliedman, *Access to Federal Courts and Security for Costs and Fees*, 74 ST. JOHN'S L. REV. 953, 960 (2000) (footnotes omitted).

This adversary proceeding is not an exercise of any local jurisdiction, and there no longer is any statute that might compel adherence to the D.C. statutory procedures for cost bonds.  Accordingly, Adamson's motion cannot succeed on either of those two bases.

## II

State procedures are made applicable to adversary proceedings in certain circumstances.  For example, state procedures regarding execution on a monetary judgment are made applicable to an adversary proceeding by Fed. R. Civ. P. 69(a)(1) and Fed. R. Bankr. P. 7069.  But no Federal Rule makes the procedures of D.C. Code § 15-703(a) applicable to this adversary proceeding.

Sometimes the Federal Rules contemplate that, independent of state law procedures, a federal court may require security for costs in certain circumstances.  For example, in some instances a federal court may require security for costs incident to granting a stay pending appeal under Fed. R. Civ. P. 62(d).  But there is

4

no analog to D.C. Code § 15-703 (2001) under the Federal Rules that would mandate requiring a nonresident plaintiff to post security for costs.  Nothing in the Federal Rules or federal statutory law compels me to apply D.C. Code § 15-703 to this proceeding.

### III

If Heck were suing Adamson in the District Court pursuant to its diversity jurisdiction and prosecuting a claim under District of Columbia law, an argument could be made that the District Court would be obligated to apply D.C. Code § 15-703(a) (2001). *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949); *Clopper v. Merrill Lynch Relocation Mgmt., Inc. (In re Merrill Lynch Relocation Mgmt., Inc.)*, 812 F.2d 1116, 1120-21 (9th Cir. 1987)*.  But see Atlanta Shipping Corp. v. Chem. Bank*, 818 F.2d 240, 251 (2d Cir. 1987) (stating that "[i]n diversity actions, federal courts are not bound to follow state rules on security for costs where a federal local rule granting discretion is applicable, although they may look to state rules for guidance") (quotations and citations omitted).[1]

But in this adversary proceeding, jurisdiction does not rest

---

[1] Because it has no local rule on the subject, the District Court would have discretion to apply D.C. Code § 15-703(a) in a diversity jurisdiction civil action presenting a claim arising under D.C. law.  *See Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 575 (9th Cir. 1994).  But Adamson's motion is premised on application of D.C. Code § 15-703(a) as being mandatory.

5

on diversity jurisdiction.  The complaint seeks a declaration that a debt is nondischargeable under 11 U.S.C. § 523(a), and jurisdiction thus lies under the "arising under title 11" prong of the bankruptcy jurisdiction statute, 28 U.S.C. § 1334(b). Although the debt itself may have arisen under District of Columbia law, that debt has already been reduced to judgment, and the claim presented here is a federal one of determining whether the debt fits within one of the exceptions of 11 U.S.C. § 523(a) to dischargeability.  This proceeding is premised purely on federal jurisdiction, not local jurisdiction, over a purely federal claim of nondischargeability that could arise only under the Bankruptcy Code.  Accordingly, because no Federal Rule or federal statute compels adherence to D.C. Code § 15-703, I am not obligated to apply that local statute to this proceeding founded on federal law.  *See McClure v. Borne Chem. Co.*, 292 F.2d 824, 830, 833 (3d Cir.), *cert. denied*, 368 U.S. 939 (1961); *Fielding v. Allen*, 181 F.2d 163, 168 (2d Cir.), *cert. denied*, 340 U.S. 817 (1950); 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2671 n.13 (3d ed. 1998).

                                IV

Nevertheless, absent a Federal Rule or statute that conflicts, a federal trial court has inherent authority to direct, in the court's discretion, that state procedures governing security for costs will apply, or to direct that a

plaintiff post security for costs even when no state procedural statute exists that addresses the question. *See In re Am. President Lines, Inc.*, 779 F.2d 714, 716 n.18 (D.C. Cir. 1985); *Clopper v. Merrill Lynch Relocation Mgmt., Inc. (In re Merrill Lynch Relocation Mgmt., Inc.)*, 812 F.2d 1116, 1121 (9th Cir. 1987).

Generally, a party's attorney's fees are not recoverable in litigation and thus a cost bond generally ought not include an amount attributable to attorney's fees. *See Am. President Lines, Inc.*, 779 F.2d at 717. But logically, the cost bond may include attorney's fees when such are authorized to be recovered by a fee-shifting statute. *Cf. Montgomery & Assocs. v. CFTC*, 816 F.2d 783, 784 (D.C. Cir. 1987).

Nevertheless, Adamson's motion sought security for costs only pursuant to D.C. Code § 15-703 (2001), as though it were a *mandatory* requirement, and did not address the criteria applicable to imposition of a requirement of security for costs as a *discretionary* matter. *See*, *e.g.*, *Selletti v. Carey*, 173 F.3d 104, 111 (2d Cir. 1999); *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 576 (9th Cir. 1994); *Hawes v. Club Ecuestre el Comandante*, 535 F.2d 140, 144 (1st Cir. 1976). If Adamson were to file a motion requesting the court to require a cost bond in its discretion, it is doubtful that Heck's nonresident status by itself would constitute a sufficient ground

for requiring a cost bond.  It is thus

ORDERED that Adamson's Motion for Security for Costs is DENIED.

[Signed and dated above.]

Copies to: All counsel of record.