The order below is hereby signed.

Signed: August 05, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| WILLIAM C. ADAMSON, | ) | Case No. 09-00623 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| BRIAN T. HECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 09-10042 |
| WILLIAM C. ADAMSON, | ) | |
| | ) | **Not for Publication in** |
| Defendant. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO
AMEND ADMISSIONS AND ADDRESSING ISSUE OF WEIGHT TO BE GIVEN
SUPERIOR COURT FINDINGS

For the reasons that follow, the defendant Adamson will be allowed to withdraw certain admissions. In addition, this order addresses the issue of the evidentiary weight to be given findings of fact made by the Superior Court.

I

Rule 36(a)(3) of the Federal Rules of Civil Procedure states that all request for admissions will be deemed admitted if not

objected to in writing within thirty days after being served. Rule 36(b), however, allows the court to permit a party to withdraw or amend an admission if doing so would (1) promote the presentation of the merits of the action, and (2) not prejudice the requesting party in maintaining or defending the action on the merits.  If, as here, a party moves to respond to a request for admissions after the thirty-day time period, the court treats such a motion as a motion to withdraw or amend admissions and analyzes it under the two-pronged test of rule 36(b).  *Baker v. Potter*, 212 F.R.D. 8, 12 (D.D.C. 2002).

The test's first prong is whether the admission would effectively bar the party from presenting its case on the merits. *Id.* at 13; *see also Green v. Blazer Diamond Products, Inc.*, 1994 WL 715632 (D.D.C. 1994).  The second prong, lack of prejudice, is satisfied if the opposing party is no less able than it was before the admission was made to obtain whatever evidence exists to prove the matters which had been admitted.  *Rabil v. Swafford*, 128 F.R.D. 1, 2 (D.D.C. 1989).  The U.S. District Court for the District of Columbia has held that the filing of a motion for summary judgment before the request to amend does not alone rise to the level of prejudice sufficient to satisfy the prejudice prong. *Davis v. Noufal*, 142 F.R.D. 258, 259 (D.D.C. 1992) ("Although defendants did file a motion for summary judgment, that fact does not establish the requisite level of prejudice.");

*Rabil*, 128 F.R.D. at 2 ("[A]lthough plaintiff has filed a motion for summary judgment, he would not be unduly burdened by allowing the admissions to conform with the response filed January 19, 1989, and allowing plaintiff to refile his motion for summary judgment based on the actual facts of the case."). Furthermore, the party who obtained the admissions has the burden of proof to show that they would be prejudiced by amendment or withdrawal. *Rabil*, 128 F.R.D. at 2.

Adamson admitted most of the requests for admissions, but the ones he denied will be important in deciding one of ultimate issues--whether he made misrepresentations to Heck. Allowing Adamson to respond to the admissions would promote the presentation of the merits of the action, thus, the first prong is satisfied. The second prong is satisfied as well. Heck has not shown that he would have trouble in gathering evidence to attempt to prove these admissions because of the untimely response. The response to the request for admissions was due on April 8, 2010, and the deadline for other discovery to be completed expired on April 5, 2010, so Heck cannot argue that he held off taking discovery based on the admissions.[1] Moreover, having filed a motion for summary judgment relying on the

---

[1] Heck appears to have had ready access to Jay Hoover, a witness whose affidavit Heck was able to procure to submit in support of his motion for summary judgment, and whose testimony would rebut Adamson's denial of some of the requested admissions.

3

admissions is not sufficiently prejudicial.  Therefore, Adamson's motion to amend the request for admissions satisfies the requirements of rule 36(b).

It is acknowledged that granting Adamson's motion could affect Heck's motion for summary judgment.  Heck, therefore, will be granted time to file an amended motion for summary judgment.

II

The parties have filed motions for summary judgment in which they both rely, in part, upon findings of fact in a memorandum decision by Judge Vincent of the Superior Court of the District of Columbia.  Any amended motion for summary judgment Heck files will also presumably rely on these findings, and if the matter proceeds to trial, the parties may attempt to rely on the findings.  In the interest of avoiding duplicative litigation, the court desires to know the parties' views as to what evidentiary weight, if any, the findings of fact are entitled to in this court.  (In any event, are they for the most part findings of facts to which the parties would stipulate?)  Accordingly, it is

ORDERED that within 21 days of the entry of this order, the parties shall file a response stipulating what weight, if any, the court may give to Judge Vincent's findings of fact.  Namely, the parties should specify as to each of the findings whether Judge Vincent's finding, in toto, should be given preclusive

effect, the same effect the court would give an affidavit in addressing the motion for summary judgment, or no effect at all. It is further

ORDERED that in the event the parties are unable to agree on a stipulated weight to give Judge Vincent's findings, the court will decide as a matter of law what effect, if any, they are entitled to in this court.  It is further

ORDERED that Adamson's motion to amend admissions is GRANTED and that Heck is granted leave, if he deems appropriate, to file an amended motion for summary judgment within 21 days after the entry of this order.

[Signed and dated above.]

Copies to: All counsel of record.